ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
Oct 08, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICARDO LANDEROS,

Defendant.

CASE NO. 1:26-cr-00177-KES-EPG

18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm; 18 U.S.C. § 922(g)(5)(A) – Illegal Alien in Possession of a Firearm; 18 U.S.C. § 922(o) – Possession of a Machinegun; 26 U.S.C. § 5861(d) – Possession of an Unregistered Short-Barreled Rifle; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

# I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

The Grand Jury charges: T H A T

RICARDO LANDEROS,

defendant herein, on or about April 1, 2026, in the Counties of Fresno, Kern, Kings, Merced, San Joaquin, and Stanislaus, State and Eastern District of California, and elsewhere, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

(1) Possession of a Loaded and Concealed Firearm, in violation of California Penal Code section 12025, in case DF0080009A on or about January 9, 2007, in Kern County, California;

did knowingly possess a firearm, specifically, a Glock 19, and two GForce Arms Jawbone pistols, in and affecting commerce, in that each firearm had previously been transported in interstate

and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT TWO: [18 U.S.C. § 922(g)(5)(A) – Illegal Alien in Possession of a Firearm]

The Grand Jury further charges: T H A T

RICARDO LANDEROS,

defendant herein, on or about April 1, 2026, in the Counties of Fresno, Kern, Kings, Merced, San Joaquin, and Stanislaus, State and Eastern District of California, and elsewhere, knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm, specifically, a Glock 19, and two GForce Arms Jawbone pistols, in and affecting commerce, in that each firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A).

COUNT THREE: [18 U.S.C. § 922(o) – Possession of a Machinegun]

The Grand Jury further charges: T H A T

RICARDO LANDEROS,

defendant herein, on or about April 1, 2026, in the County of Stanislaus, State and Eastern District of California, and elsewhere, did knowingly and intentionally possess a machinegun, specifically, a machinegun conversion device, in violation of Title 18, United States Code, Section 922(o).

COUNT FOUR: [26 U.S.C. § 5861(d) – Possession of an Unregistered Short-Barreled Rifle]

The Grand Jury further charges: T H A T

RICARDO LANDEROS,

defendant herein, on or about April 1, 2026, in the County of Stanislaus, State and Eastern District of California, and elsewhere, did knowingly possess a firearm, specifically, a short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a), which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offenses alleged in Counts One through Three this Indictment, defendant RICARDO LANDEROS, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.Upon conviction of the offense alleged in Count Four of this Indictment, defendant RICARDO LANDEROS, shall forfeit to the United States pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), any firearm involved in such offense.

2. If any property subject to forfeiture, as a result of the offenses alleged in this Indictment, for which defendant is convicted:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

/s/ Eric Grant
ERIC GRANT
United States Attorney